UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN SOSA RIOS, | No. 1:26-cv-00953-DJC-EFB |
| Petitioner, | |
| v. | ORDER |
| WARDEN, et al., | A# 246-059-169 |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking an order releasing Petitioner from custody.  The Court indicated it intended to rule on the merits and neither party objected.

Petitioner entered the United States at an unknown date after his prior removal in 2012 and has "lived in the United States for many years."  (Pet. at 4; Opp'n (ECF No. 7) at 1.)  Prior to Petitioner's present detention, he did not have any contact with immigration officials.  In August 2025, Petitioner was taken into ICE custody where he presently remains.  (Pet. at 4; Opp'n at 1.)

The Court's prior orders are largely dispositive on the issues raised in the Petition and Motion.  *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP,

1

2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).  For the reasons stated in those cases, Petitioner has established that he is entitled to relief.  As Petitioner has been present in the United States for years prior to his present detention, he is correct that he does not qualify as an "applicant for admission" and thus cannot be detained under 8 U.S.C. § 1225(b)(2).  *See Morillo*, 2025 WL 3707140, at *4.  Thus, Petitioner was entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a), most notably, a bond hearing.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2. Respondents are ORDERED to immediately release Petitioner Roman Sosa Rios from their custody.  If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **March 25, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE